UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH McDANIELS,<br><br>                    Petitioner,<br><br>     v.<br><br>JACK FOX,<br><br>                    Respondent. | Case No. C12-2003-RSM-BAT<br><br>**REPORT AND RECOMMENDATON** |

Joseph McDaniels, a pre-sentencing detainee at the Federal Detention Center – SeaTac in Seattle, Washington, has filed a petition for writ of habeas corpus under 42 U.S.C. § 2241. Dkt. 1. He alleges he is not receiving proper medical care and has not received a proper bed for his back injury and sleep apnea. *Id.* at 3. Mr. McDaniels has also filed a motion for temporary restrain order ("TRO"), seeking an order "allowing him to receive insulin 3 times per day, and to received a hospital bed or double mattress for his back condition immediately." Dkt. 2. As discussed below, the relief Mr. McDaniels seeks is not available to him by means of a § 2241 habeas petition. Moreover, even if he had presented his claims by way of a civil rights complaint, his allegations and supporting materials show that he is not entitled to relief. Accordingly, this matter should be **DISMISSED** with prejudice and the motion for TRO should be **DENIED**.

REPORT AND RECOMMENDATON- 1

## BACKGROUND

Mr. McDaniels's petition contains two claims. First, he claims: "I am not receiving proper medical care for my diabetes. I am unable to see a medical provider who specialized in diabetes and/or diabetic care." Dkt. 1 at 3. In support of this claim, Mr. McDaniels alleges that he has been diabetic for over 20 years, that he was receiving proper medical care at King County Jail, where he was before arriving at FDC SeaTac in June 2012, and that he has been denied proper doses of insulin to manage his diabetes and his requests to see a diabetes doctor have been denied. *Id.*

Second, he claims: "I am not able to sleep due to not having a proper sized bed that I can fit into, and the facility is not trying to properly address my condition. Furthermore, the beds are not proper for my back injury and sleep apnea." *Id.* In support of this claim, he alleges that he has provided FDC SeaTac with release forms to obtain medical records from other correctional facilities and his medical doctors in the community showing his need for a hospital bed or a double mattress, but his requests have repeatedly been denied. *Id.*

Mr. McDaniels submits several exhibits to his petition. He submits an "informal resolution attempt" he filed regarding the issues in his complaint and an "informal resolution form" stating his complaint was "sent to medical for response" but a response was delayed because the medical department was waiting to receive all of Mr. McDaniels's medical records. Dkt. 1, ex. A.

He submits a response to his informal resolution attempt, which states that the medical department had seen Mr. McDaniels five times between June 2012 and August 2012, including a visit with a physician in the chronic care clinic on June 27, 2012; that Mr. McDaniels had refused to take the medication recommended to him and preferred a non-formulary anti-

REPORT AND RECOMMENDATON- 2

hypertensive; that the non-formulary drug was requested for him but was denied because Mr. McDaniels had not tried the formulary options; and that his request for an extra pillow was denied and his requests for a hospital bed and orthopedic shoes were not discussed during his clinical visit with a physician, but that these also did not have a clinical indication for approval. The response denied his request to be placed in a Community Custody facility.  Dkt 1, ex. B.

And he submits a declaration of an FDC SeaTac legal liaison which also discusses Mr. McDaniels's medical visits and the response to his request for a non-formulary anti-hypertensive, and which states that Mr. McDaniels is receiving daily insulin at the same levels prior to his arrival at FDC SeaTac.  Dkt. 1, ex. C.

## DISCUSSION

### A. Section 2241 habeas claims

For a person in federal custody, a habeas petition filed under § 2241 is the method to test the manner of execution of a sentence.  *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).  Section 2241 petitions are available to challenge, for example, the manner, location, or conditions of a sentence's execution.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Mr. McDaniels has not yet been sentenced and his claims do not relate to the execution of a sentence.  The relief he seeks, as stated in his motion for TRO, is not habeas relief, but is instead a change in the conditions of his confinement.  His claims are therefore not cognizable under § 2241.

### B. *Bivens* claims

Where a prisoner files a habeas corpus petition that seeks relief for alleged civil rights violations, the district court should construe that portion of the habeas petition as a civil rights claim.  *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1992).  As pled, Mr. McDaniels's

1  petition could be construed as a misnamed civil rights action under *Bivens v. Six Unknown*

2  *Named Narcotics Agents*, 403 U.S. 388 (1971).  Even if so construed, his claims fail.

3        The Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical

4  needs.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  To establish "deliberate indifference," a

5  prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's

6  pain or possible medical need.  *Id.* at 104.  A difference of opinion between a prisoner and

7  medical authorities regarding proper medical treatment does not give rise to a federal civil rights

8  claim.  *Franklin v. Oregon*, *State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

9        The petition and exhibits show that this is not a case in which FDC SeaTac staff

10  disregarded Mr. McDaniels's medical complaints.  Rather, the documents show that Mr.

11  McDaniels is receiving insulin for his diabetes at the same level prior to his incarceration at FDC

12  SeaTac, that he has seen doctors, including a chronic care physician, multiple times, and that his

13  requests for specific medication and specific bedding were considered and he was determined to

14  not be eligible for those items.  These facts establish that Mr. McDaniels's claims are based on a

15  difference of opinion as to the medical treatment FDC SeaTac staff have provided.  Mr.

16  McDaniels obviously believes he should have received different medical treatment.  But, as

17  noted above, a difference of opinion between Mr. McDaniels and FDC SeaTac staff regarding

18  medical treatment does not give rise to a *Bivens* claim of deliberate indifference.

## CONCLUSION

20        For the foregoing reasons, the Court recommends this matter be **DISMISSED** with

21  prejudice and the motion for TRO be **DENIED**.  While the Court should be solicitous of pro se

22  plaintiffs, the Court concludes that Mr. McDaniels should not be allowed to amend his petition.

23  The claims he asserts in this matter are not cognizable habeas claims.  Should Mr. McDaniels

wish to pursue his *Bivens* claims, he may do so by filing a civil rights complaint and paying the appropriate filing fee or filing an application to proceed in forma pauperis.

Any objections to this Recommendation must be filed no later than **December 10, 2012.** The matter will then be ready for the Court's consideration on **December 14, 2012**, and the Clerk should so note the matter as such.  Objections shall not exceed five (5) pages.  The failure to timely object may affect the right to appeal.

DATED this 19th day of November, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON- 5